IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | 1:08cr116HSO-RHW |
| | § | |
| DARBY CRUTCHER | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [251] of Defendant Darby Crutcher ["Crutcher"] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed April 15, 2011, pursuant to Title 28, United States Code, Section 2255. The Government has filed a Response [255], and Crutcher a Reply [262]. Crutcher seeks to set aside his April 28, 2010, Judgment of Conviction for conspiracy to possess with intent to distribute a controlled substance. After due consideration of the issues presented, the record, and the relevant legal authorities, the Court is of the opinion that the Motion [251] should be denied.

I. FACTS AND PROCEDURAL HISTORY

Crutcher was charged in a single count Indictment [3] filed October 22, 2008. The Indictment charge that:

> . . . on or about sometime in 2000, and continuing through the date of the Indictment, . . . Darby Crutcher [and four other Defendants] did knowingly and willfully conspire and agree with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute in excess of 5 kilograms of cocaine hydrochloride, a Schedule II(a) narcotic drug controlled

-1-

substance, as prohibited by 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

Indictment [3], at p. 1. The Indictment included a Notice of Forfeiture, pursuant to 21 U.S.C. § 853(p). *Id.*

On December 15, 2008, Cecil Woods, Jr., was appointed as counsel for Crutcher. On April 28, 2009, Brian McDonald was granted *pro hac vice* admission to this Court in order to represent Crutcher. On October 1, 2009, a Notice of Intent to Plead Guilty was filed on behalf of Crutcher [126]. On October 20, 2009, Crutcher entered into a written plea agreement with the Government and entered a plea of guilty to one count of possession with intent to distribute a controlled substance. Counsel Brian McDonald was present, and represented Crutcher during this proceeding.

On April 23, 2010, the Court sentenced Crutcher to 264 months imprisonment for the possession offense. In addition, Crutcher was sentenced to a five year term of supervised release, a $5000.00 fine, and a mandatory special assessment in the amount of $100.00. The Judgment of Conviction [192] was executed and filed on April 28, 2010[1]. On April 29, 2010, Crutcher filed a Notice of Appeal [193]. He filed a second Notice of Appeal on April 30, 2010 [194]. On December 30, 2010, the Fifth Circuit Court of Appeals granted the Government's

---

[1]An Amended Judgment of Conviction was entered on May 7, 2010 [197], which served to correct a clerical error. A second Amended Judgment of Conviction was entered on October 7, 2010 [242], which corrected a clerical error. Neither amendment substantively altered Crutcher's conviction and sentence.

Motion to Dismiss Appeal [244]. The accompanying Mandate was issued on January 18, 2011 [245].

Crutcher, through retained counsel Wilbur F. Holder, III, filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255 on April 15, 2011 [251], presenting ineffective assistance of counsel as his sole ground for relief. Pet. [251] at p. 4. On June 21, 2011, the Government filed a Response [255] to Crutcher's § 2255 Petition, and on July 14, 2011, Crutcher filed a Reply [262] to the Government's Response.

## II. DISCUSSION

A.  Legal Standard

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995)(quoting *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991)). Relief under § 2255 is therefore reserved for violations of constitutional rights, and for a narrow range of injuries which could not have been raised on direct appeal which, if condoned, would result in a complete miscarriage of justice. *United*

*States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992).

B.  <u>Waiver Of Right to Assert Claims Under 28 U.S.C. § 2255</u>

When Crutcher entered his negotiated plea of guilty, he did so pursuant to a written plea agreement which contained an unambiguous waiver of his right to appeal or collaterally attack the sentence in any post-conviction proceeding, including a motion brought under 28 U.S.C. § 2255. Plea Agreement [127], ¶ 13  pp. 8-9.  The Memorandum of Understanding states in relevant part as follows:

> Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:
>
>> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
>>
>> b.  the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, . . ..

Plea Agreement [127], ¶ 13 (a)-(b) at pp. 8-9.

A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir. 2000); *United States v.*

*Melancon,* 972 F.2d 566, 568 (5th Cir. 1992), and the right to seek post-conviction relief, *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994).

In *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994), the Fifth Circuit Court of Appeals upheld a waiver of post-conviction relief under 28 U.S.C. § 2255, on grounds that

> . . . an informed and voluntary waiver of post-conviction relief is effective to bar such relief. Such a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel, *see United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.1993), *cert. denied,* 508 U.S. 979, 113 S.Ct. 2980, . . ..

*Id.* at 653. The Fifth Circuit determined that counsel could not "be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining." *Id.*; *see also United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

Crutcher alleges deficient performance on the part of his retained counsel. Crutcher asserts that as a result of his counsel being ineffective, a two-level sentencing enhancement was improperly administered, and the time frame accompanying the charged conspiracy was improperly calculated. Brief in Support of Mot. to Vacate [251-1] at pp. 4-7. Specifically, Crutcher contends that:

> [t]he sentence in this case cannot stand in light of the facts, law and argument set forth herein. Mr. Crutcher is serving a prison sentence of 264 months based on errors so serious that due process of the law and the effective assistance counsel have been denied to him.

*Id.* at p. 8.

In its Response, the Government seeks to enforce the waiver provision contained in the Plea Agreement:

> Crutcher in no way asserts his plea was involuntary or that he failed to understand the consequence of his actions in agreeing to plead guilty, Accordingly, he has no basis to avoid his explicit waiver of the right to seek § 2255 relief, which serves to bar him from pursuing this claim.

Govt.'s Resp. [255], at p. 2.

Crutcher counters this argument in his Reply by stating that, prior to the entry of his guilty plea, he was misled by counsel regarding the following sentencing issues:

> [i]n this case Mr. Crutcher was emphatically assured by his Attorney that there would be no firearms enhancement, nor that there would be a criminal history error. Since both of these issues occurred it is clear that the guilty plea was not knowing, informed, or voluntary. But for these errors, Mr. Crutcher would have proceeded to jury trial in this case. He was enticed by his Attorney to plead guilty notwithstanding his claims to actual innocence in this case.

Reply [262], at p. 2.

The following excerpt from Crutcher's plea colloquy supports the conclusion that he was fully advised and aware that his negotiated plea of guilty included a waiver of his right to appeal or contest the sentence:

> THE COURT: Do you also understand that by entering into this plea agreement and entering a plea of guilty, you will have waived or given up your right to appeal this sentence or to contest this sentence in any post-conviction proceeding? Do you understand that?
>
> DEFENDANT CRUTCHER: Yes, Your Honor.
>
> THE COURT: You also understand you are waiving your right to contest the conviction and sentence or the manner in which the sentence is imposed in the post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, which is sometimes referred to as a petition for writ of habeas corpus? Do you understand you are waiving that right?

> DEFENDANT CRUTCHER: Yes, Your Honor.
>
> \* \* \*
>
> THE COURT: Mr. McDaniel, have you had a chance to discuss the waivers and all of the terms of the plea agreement with your client?
>
> MR. McDANIEL: Yes, Your Honor.
>
> THE COURT: In your opinion, is he knowingly and voluntarily agreeing to the waiver terms and all of the terms of the plea agreement?
>
> MR. McDANIEL: Yes, Your Honor.

Tr. of Darby Crutcher's Guilty Plea [217] at pp. 17-19.

Crutcher does not allege that his counsel's inefficient performance resulted in an unknowing and involuntary waiver of the foregoing rights. *See United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). Instead, he contends that his attorney was ineffective in his representation regarding the calculation of his sentence, and that the outcome was "based on errors so serious that due process of the law and effective assistance of counsel have been denied to him." Brief in Support of Mot. to Vacate [251-1] at pp. 4-7.

Although a guilty plea generally waives all non-jurisdictional defects, including an ineffective assistance claim, Crutcher may raise an ineffective assistance claim to the extent that it affected the voluntariness of his plea. *United States v. Cavitt,* 550 F.3d 430, 441 (5th Cir. 2008). The Fifth Circuit has held that, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea

itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

The record supports a finding, however, that Crutcher entered his plea knowingly and voluntarily. During Crutcher's plea hearing, the Court questioned him on whether he understood the terms of the plea agreement, and whether he had been made any other promises or assurances beyond those contained in the plea agreement.

> THE COURT: Do you fully and completely understand the terms of the plea agreement?
>
> DEFENDANT CRUTCHER: Yes, Your Honor.
>
> THE COURT: Has anyone made any other or different promises or assurances of any kind to you other than those in the plea agreement in an effort to induce you to plead guilty in this case?
>
> DEFENDANT CRUTCHER: No, Your Honor.
>
> THE COURT: Has anyone attempted in any way to force you to plead guilty in this case?
>
> DEFENDANT CRUTCHER: No, Your Honor.
>
> THE COURT: Are you pleading guilty of your own free will because you are, in fact, guilty?
>
> DEFENDANT CRUTCHER: Yes, Your Honor.
>
> THE COURT: Do you understand that the terms of the plea agreement are merely recommendations to the Court, that I can reject the recommendations without permitting you to withdraw your plea of guilty and impose a sentence that is more severe than you anticipate. Do you understand that?
>
> DEFENDANT CRUTCHER: Yes, Your Honor.

Tr. of Darby Crutcher's Guilty Plea [217] at pp. 9-11.

The Court also clearly advised him that the sentence ultimately imposed might be different from any estimate Crutcher's attorney may have gave him. Crutcher acknowledged his understanding of this possibility.

> THE COURT: . . . Have you and your attorney talked about how the sentencing guidelines might apply to your case?
>
> DEFENDANT CRUTCHER: Yes, Your Honor.
>
> *   *   *
>
> THE COURT: Do you also understand that the sentence imposed by the Court may be different from any estimate that your attorney may have given you?
>
> DEFENDANT CRUTCHER: Yes, Your Honor.
>
> THE COURT: Do you further understand that the guidelines are advisory only, that while I will consider them, I am not required to follow them. That means that after your guideline range has been determined, the Court has the authority to depart from the guidelines and impose a sentence that is more or less severe than the sentence called for by the guidelines? Do you understand that?
>
> DEFENDANT CRUTCHER: Yes, Your Honor.

Tr. of Darby Crutcher's Guilty Plea [217] at pp. 15-17.

As evidenced by the record, Crutcher knowingly entered into a plea agreement wherein he not only waived his right to appeal the sentence imposed, but he also waived any right to contest the sentence in a post conviction proceeding, including the filing of a § 2255 Motion. He also acknowledged his understanding that, regardless of any advice his attorney may have given him, the sentence imposed by the Court might be different than any estimate his attorney had

provided. Crutcher cannot demonstrate that he has suffered a violation of his constitutional rights.

C. <u>Ineffective Assistance of Counsel</u>

Even assuming Crutcher could avoid the waiver provision contained in his plea agreement, the Court concludes that he could not prevail on the merits of an ineffective assistance of counsel claim. To demonstrate ineffective assistance of counsel, Crutcher must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's ineffective assistance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "Failure to establish either prong defeats the claim." *Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997). However, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042–43 (5th Cir. 1998).

When considering whether counsel provided ineffective assistance, the Court must presume that "counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ," and a defendant must overcome that presumption. *Strickland*, 466 U.S. at 689. To demonstrate "prejudice" in the *Strickland* sense, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

During the course of the sentencing hearing, the Court provided its reasons for sentencing Crutcher as it did. His sentence fell below the applicable statutory

maximum sentence, and within the advisory guideline range.  In light of the Court's earlier discussion of the waiver issue, specifically Crutcher's statements made during the plea colloquy, Crutcher cannot demonstrate "prejudice" in the *Strickland* sense, in that he cannot establish a reasonable probability that, but for counsel's unprofessional errors, he would have received a shorter sentence.  *Strickland*, 466 U.S. at 694.

### III.  CONCLUSION

Based on the foregoing, Crutcher has not shown that he is entitled to the relief he seeks.  His Motion must be denied.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion of Defendant, Darby Crutcher to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed April 15, 2011 [251], is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 13th day of September 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE